UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD BLUM, II** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-2307** |
| **GARY ROBERTS, ET AL** | **SECTION: "L" (4)** |

### ORDER

Before the Court is a **Motion to Compel More Definite Statement (doc. # 6)** filed by the plaintiff, Ronald Solomon Blum II, seeking an order from this Court requiring that the defendants, Gary Roberts and the Administrators of the Tulane Educational Fund, provide a more definite statement of their counterclaim against him.

The defendants timely filed an opposition motion. The motion was heard on July 26, 2006.

### I.     Background

Blum filed this complaint against Roberts and Tulane while in his third year of law school alleging that Roberts, both individually and in his capacity as the Deputy Dean of Tulane Law School, filed a written complaint with Dr. Kevin Bailey accusing Blum of providing false information to Tulane in support of his application to remain a visiting student at the University of Florida Law School for the Spring 2006 semester term.[1]  Blum alleges that the complaint was

---

[1] Bailey is the Assistant Vice President for Student Affairs and Tulane's Chief Judicial Officer for Judicial Affairs.

false, defamatory, and constitutes defamation per se. Blum contends that Robert's complaint will cause him irreparable harm because he must report the complaint to all state bars to which he applies.

The defendants then removed this action based on diversity jurisdiction and filed a counterclaim against Blum. The counterclaim alleges that Blum filed suit in state court in Florida seeking expenses arising from his evacuation from Hurricane Katrina and relocation to Gainesville. The counterclaim also alleged that:

> 11. In October-December, 2005, Blum misrepresented his medical condition to Tulane and submitted false evidence in order to support his request to be allowed to visit as a student at the University of Florida, and not be required to finish his studies at Tulane in the Spring, 2006 semester. This request was denied.
>
> 12. Tulane further believes that Blum is not entitled to a degree from Tulane Law School because of his misrepresentations and dishonesty in presenting evidence in support of his request to visit at the University of Florida School of Law in Gainesville, Florida during the spring semester of 2006.

(Def. Ans. and Counterclaim at 4-5). The defendants sought a declaratory judgment requiring Blum to pay his tuition and further, that Blum misled Tulane Law School and therefore it is not required to issue him a diploma.

On May 17, 2006, Blum answered most of the counterclaim, however, in response to paragraphs 11 and 12, he stated, "See Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted And Motion for a More Definite Statement." (Pl. Ans.at 5). Neither motion was filed contemporaneously with his answer, and on June 26, 2006, Blum filed the subject motion for a more definite statement along with a motion to dismiss noticed before the District Judge.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(e) provides that:

[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e).

However, under Rule 8, the Rules favor a liberal pleading approach, requiring a plaintiff, or in this case counter claimant, to make only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Obee v. Xerox Corp.*, CIV.A.99-470, 1999 WL 717637, *2 (E.D.La. Sept. 14, 1999) (*citing* FED.R.CIV.P. 8(a)(2)). Accordingly, "given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored." *Cousin v. Small*, CIV.A.00-0069, 2000 WL 1100384, * 1 (E.D.La. Aug. 4, 2000). Such motions are not to be used as a substitute for discovery. *Id.*

Indeed, a "motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Gibson v. Deep Delta Contractors, Inc.*, CIV.A.97-3791, 2000 WL 28174, *6 (E.D.La. Jan. 14, 2000). Finally, granting a motion to dismiss "is universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Lab. Inc.*, CIV.A.99-2626, 2000 WL 134700, * 1 (E.D.La. Feb. 1, 2000).

**III.   Analysis**

Blum contends he cannot respond to the allegation until the defendants specify exactly which medical condition they allege he misrepresented over the three month period in the allegation found in paragraph 11 of the counterclaim. Blum also contends that he cannot respond to the allegations

3

of submitting a false statement until the defendants indicate which statement they allege is false, and why they allege the statement is false. Blum further alleges that these counterclaims are being made against solely because he will then have to report them to the Florida Bar examiner.[2]

The defendants contend that their counterclaim provides Blum with a short concise statement which is sufficient to allow Blum to respond. They further contend that Tulane already produced to Blum the correspondence submitted by him regarding his medical condition. Finally, the defendants contend that Blum waived any objections to their counterclaim because he answered and Rule 12(e) requires that all objections be made prior to answering.

The Court first turns to Blum's argument that he is unable to properly answer the counterclaim. In this case, the counterclaim alleges that Blum misrepresented *his* medical condition to Tulane and submitted false evidence to support *his* request to remain at the University of Florida. While Blum contends that he is unable to decipher which of his medical conditions, Rule 12(e) is "designed to remedy unintelligible pleadings, not merely to correct for lack of detail." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y.1992).[3]

As the Fifth Circuit has noted, to comply with Rule 8, a pleading must "(1) provide notice of the circumstances which give rise to the claim or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.*" General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir.1999). The Court concludes that the thrust of

---

[2] Blum contends in his motion to dismiss that Tulane University already had an internal hearing on February 20, 2006, which concluded that he did not furnish false information to Tulane.

[3] Although not raise in his motion and broadly construing the counterclaim enough to create a cause of action based on fraud, the Court notes that the allegations are sufficient under Rule 9(b) which is meant to be read in conjunction with the liberal pleading requirements of Rule 8, and the defendants need only plead with particularity the "circumstances constituting the fraudulent activity." *Kamin v. Colorado Nat. Bank of Denver*, 648 F.Supp. 52, 53 (D. Col. 1986). Rule 9 does not require the defendants to plead detailed evidentiary matters. *Id.*

Blum's argument is on the detail in the pleading, and in this case, the counterclaims are intelligible and notice him of the circumstances giving rise to the defendants' claims. Accordingly, the Court concludes that because the defendants complied with Rule 8, the motion for a more definite statement is denied.

Accordingly,

**IT IS ORDERED THAT** the Blum's **Motion to Compel More Definite Statement (doc. # 6)** is **DENIED.**

New Orleans, Louisiana, this 28th day of July 2006

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**